# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KEJUANA BEAVER,** <br> 1904 Zettler Rd. <br> Columbus, OH 43227 | Case No. 2:20-cv-485 |
| and | JUDGE |
| **ASKIA LAMAR CHAMPION,** <br> 1205 Rosehill Rd., Apt. 301 <br> Reynoldsburg, OH 43068 | MAGISTRATE JUDGE |
| and | |
| | **Jury Demand Endorsed Hereon** |
| **OSCAR BAYLOR, JR.,** <br> 3280 E. 6th Ave., Apt. C <br> Columbus, OH 43219 | |
| and | |
| **DESYRE WHITEHEAD,** <br> 2824 Citizens Pl., Apt. E <br> Columbus, OH 43232 | |
| **Plaintiffs, for themselves and all others similarly situated,** | |
| v. | |
| **EASTLAND MALL HOLDINGS, LLC,** <br> c/o Registered Agent: <br> National Registered Agents, Inc. <br> 4400 Easton Commons Way, Ste. 125 <br> Columbus, OH 43219 | |
| and | |
| **GROUP 7 STAFFING, LLC** <br> 201 Saint Charles Ave. <br> New Orleans, LA 70170 | |
| **Defendants.** | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiffs Kejuana Beaver, Askia Lamar Champion, Oscar Baylor, and Desyre Whitehead (referred to collectively herein as "Named Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendant Eastland Mall Holdings, LLC and Defendant Group 7 Staffing, LLC ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), the Ohio Prompt Pay Act, R.C. Chapter 4113, and Ohio common law.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction over Named Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Named Plaintiffs' claims under the statutory law of Ohio pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Named Plaintiffs entered into an employment relationship with Defendants in the Southern District of Ohio and perform their job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Kejuana Beaver is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. Plaintiff Askia Lamar Champion is an individual, a United States citizen, and a resident of Franklin County, Ohio.

7. Plaintiff Oscar Baylor is an individual, a United States citizen, and a resident of Franklin County, Ohio.

8. Plaintiff Desyre Whitehead is an individual, a United States citizen, and a resident of Franklin County, Ohio.

9. At all times relevant herein, Named Plaintiffs were employees of Defendants' as that term is defined by the FLSA and Ohio law.

10. Defendant Eastland Mall Holdings, LLC is a foreign Limited Liability Company registered to do business in the State of Ohio.

11. Defendant Group 7 Staffing, LLC is a foreign Limited Liability Company operating in the State of Ohio.

12. At all times relevant herein, Defendants are and have been jointly and individually, "employers" as that term is defined by the FLSA and R.C., Chapter 4111.

13. At all times relevant herein, Defendants have mutually benefitted from the work performed by Named Plaintiffs and those similarly situated.

14. At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiffs and those similarly situated.

15. At all times relevant herein, Defendants have shared the services of Named Plaintiffs and those similarly situated.

16. At all times relevant here, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiffs and those similarly situated.

17. At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants

constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.

18. Upon information and belief, at all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

19. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendants' Business & Pay Practices**

20. Defendants operate an enclosed shopping mall, Eastland Mall, located at 2740 Eastland Mall, Columbus, Franklin County, Ohio 43232.

21. Defendants employ administrative staff, security staff, and maintenance staff to perform work at the Eastland Mall.

22. Upon information and belief, Ahmed Alzouhavli controls the payroll policies and practices for Defendants' employees at Eastland Mall.

23. Upon information and belief, Defendants employ approximately 10-15 employees at any given time.

24. Defendants' employees are all hourly paid, non-exempt employees as that term is defined in the FLSA and Chapter 4111.

25. Employees are required to track their hours worked. Employees punch in and out on a time clock in Defendants' office at the Eastland Mall.

26. Employees' shifts vary depending on their position, but Defendants' employees frequently work more than 40 hours in a workweek.

27. At all times relevant herein, Defendants have failed to compensate their hourly-paid non-exempt employees at a rate of one and one-half their respective regular rates of pay for all hours worked in a single workweek in excess of 40.

28. Instead, Defendants compensate their employees at their regular rate of pay for all hours worked ("straight time")—even if in excess of 40 hours per workweek.

29. On numerous occasions, Defendants' employees have requested their pay stubs or other documentation of hours worked. Defendants have repeatedly failed to provide this information upon request.

**Named Plaintiffs' Experiences**

    **A.**    **Plaintiff Beaver**

30. Plaintiff Kejuana Beaver began her employment with Defendants in or around August 2019 as part of the administrative staff at Eastland Mall.

31. Plaintiff Beaver is currently employed with Defendants.

32. Plaintiff Beaver is paid on an hourly basis at a rate of $13.00 per hour.

33. Plaintiff Beaver regularly works more than 40 hours in a workweek.

34. Plaintiff Beaver does not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per workweek. Instead, Defendants pay Plaintiff Beaver her regular hourly rate of all hours worked.

35. At all times throughout her employment, Plaintiff Beaver was subjected to the same pay practices set forth above.

36. Plaintiff Beaver has requested her paystubs from Defendants on numerous occasions.  Defendants have failed to provide Plaintiff Beaver with copies of her paystubs.

37. In or around late 2019, Mr. Alzouhayli asked Plaintiff Beaver to have each of the hourly employees sign a document waiving their right to receive pay at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40.

38. Plaintiff Beaver refused to ask employees to sign such a document.

**B.    Plaintiff Champion**

39. Plaintiff Askia Lamar Champion began his employment with Defendants in or around November 2019 as part of the security staff at Eastland Mall.

40. Plaintiff Champion is currently employed with Defendants.

41. Plaintiff Champion is paid on an hourly basis at a rate of $10.00 per hour.

42. Plaintiff Champion regularly works more than 40 hours in a workweek.

43. Plaintiff Champion does not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per workweek. Instead, Defendants pay Plaintiff Champion his regular hourly rate of all hours worked.

44. At all times throughout his employment, Plaintiff Champion was subjected to the same pay practices set forth above.

45. Plaintiff Champion has requested his paystubs from Defendants on numerous occasions.  Defendants have failed to provide Plaintiff Champion with copies of his paystubs.

**C.    Plaintiff Baylor**

46. Plaintiff Oscar Baylor began his employment with Defendants in or around June 2019 as part of the security staff at Eastland Mall.

47. Plaintiff Baylor is currently employed with Defendants.

48. Plaintiff Baylor is paid on an hourly basis at a rate of $11.00 per hour.

49. Plaintiff Baylor regularly works more than 40 hours in a workweek.

50. Plaintiff Baylor does not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per workweek. Instead, Defendants pay Plaintiff Baylor his regular hourly rate of all hours worked.

51. At all times throughout his employment, Plaintiff Baylor was subjected to the same pay practices set forth above.

52. Plaintiff Baylor has requested his paystubs from Defendants on numerous occasions. Defendants have failed to provide Plaintiff Baylor with copies of his paystubs.

**D.  Plaintiff Whitehead**

53. Plaintiff Desyre Whitehead began his employment with Defendants in or around April 2019 as part of the maintenance and security staff at Eastland Mall.

54. Plaintiff Whitehead is currently employed with Defendants.

55. Plaintiff Whitehead is paid on an hourly basis at a rate of $13.00 per hour.

56. Plaintiff Whitehead regularly works more than 40 hours in a workweek.

57. Plaintiff Whitehead does not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per workweek. Instead, Defendants pay Plaintiff Whitehead his regular hourly rate of all hours worked.

58. At all times throughout his employment, Plaintiff Whitehead was subjected to the same pay practices set forth above.

59. Plaintiff Whitehead has requested his paystubs from Defendants on numerous occasions. Defendants have failed to provide Plaintiff Whitehead with copies of his paystubs.

## FIRST CAUSE OF ACTION
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. Plaintiffs bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated individuals of the opt-in class, which includes:

> **All individuals currently and formerly employed by Defendants at Eastland Mall during the previous three years, who were paid on an hourly basis, and who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 ("Hourly Employees").**

62. Upon information and belief, Defendants have employed more than 50 Hourly Employees at Eastland Mall throughout the previous three years.

63. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiffs are representative of all Hourly Employees employed by Defendants and are acting on behalf of their interests as well as their own in bringing this action.

64. The Hourly Employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

65. Plaintiffs and the Hourly Employees are paid on an hourly basis and are not exempt from the overtime requirements of the FLSA.

66. Plaintiffs and the Hourly Employees were not paid at an overtime premium for all hours worked in excess of 40 in a workweek.

67. Defendants were aware that Plaintiffs and the Hourly Employees regularly worked more than 40 hours per week, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for those hours.

68. Defendants knew or should have known they were required to pay Plaintiffs and the Hourly Employees at an overtime premium for all hours worked in excess of 40 per workweek.

69. Defendants knowingly and blatantly disregarded the overtime requirements to avoid compensating Plaintiffs and the Hourly Employees in accordance with the FLSA.

## SECOND CAUSE OF ACTION
## OMFWSA R.C. 4111.03 -
## Failure to Pay Overtime

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Chapter 4111 *et seq.*, by not paying Plaintiffs overtime compensation for all hours worked per workweek in excess of 40.

72. Defendants' knowing failure to properly pay Plaintiffs is a violation of Section 4111.03 of the Ohio Revised Code.

73. For Defendants' violation of Section 4111.03, Plaintiffs are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
## R.C. 4113.15 –
## Failure to Tender Pay by Regular Payday

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. Named Plaintiffs assert this claim under R.C. 4113.15, which requires Defendants to compensate their employees within thirty (30) days of the performance of compensable work.

76. Defendants failed to make proper overtime wage payments to Plaintiffs for all hours worked.

77. By failing to make the wage payments within 30 days of when such payments are due, Defendants have violated R.C. 4113.15.

78. As a result, in addition to the amount owed to Plaintiffs, Defendants are liable to Plaintiffs for an amount equal to six percent of Plaintiffs' claims still unpaid or two hundred dollars per paid period, whichever is greater.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. Designation of this action as a collective action pursuant to the FLSA on behalf of the collective action members and prompt issuance of notice to all similarly situated members of the proposed opt-in class, notifying them of this action, and permitting them to assert their timely claims for overtime wage payment in this action;

B. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

C. An injunction against Defendants from engaging in each of the unlawful practices, policies, and patters set forth herein;

D. An award of unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

E.  An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C., Chapter 4111;

F.  An award of an additional six percent of Plaintiffs' unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiffs, whichever is greater, pursuant to R.C. § 4113.15.

G.  An award of prejudgment and post judgment interest;

H.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

I.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Carrie J. Dyer*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Kyle Anderson (0097806)
(*Kyle@MansellLawLLC.com)*
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (614) 547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

*/s/ Carrie J. Dyer*_____
Carrie J. Dyer (0090539)