UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEJUANA BEAVER,**
**Individually and on Behalf of All**
**Others Similarly Situated,**

      **Plaintiffs,**

  v.                            Case No. 2:20-cv-485
                                  JUDGE EDMUND A. SARGUS, JR.
                                  Magistrate Judge Chelsey Vascura

**EASTLAND MALL HOLDINGS,**
**LLC,** *et al.***,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion Default Judgement (ECF No. 22) and Plaintiffs' Motion for Attorney Fees and Expenses Associated with Perfecting Service Upon Defendants (ECF No. 18). The time for filing a response has passed and Defendants have not responded. For the following reasons, the Court **GRANTS** both motions.

### I. BACKGROUND

Named Plaintiffs[1] filed this action on January 28, 2020 alleging violations of the Fair Labor Standards Act and Ohio wage law against Defendants Eastland Mall Holdings, LLC, and Group 7 Staffing, LLC. (Compl., ECF No 1; Second Am. Compl., ECF No. 15.) Defendants operate a shopping mall, Eastland Mall, located in Franklin County, Ohio. (Second Am. Compl. ¶ 20.) Plaintiffs allege that they are employed at Eastland Mall in various hourly, non-exempt positions. (*Id.* ¶ 21.) They allege that Defendants have failed to pay them overtime compensation at a rate

---

[1] Kejuana Beaver, Askia Lamar Champion, Oscar Baylor, Jr., and Desyre Whitehead.

1

of one and one-half times their regular rates of pay for hours worked in excess of 40 during a workweek. (*Id.* ¶ 27.) Instead, Plaintiffs allege, Defendants compensate them at their regular rates of pay for all hours worked, even in excess of 40 hours per week. (*Id.* ¶¶ 28–61.) Plaintiffs have all requested paystubs from Defendants, but Defendants have failed to provide the requested paystubs. (*Id.* ¶¶ 36, 45, 54, 61.)

Count One of the Second Amended Complaint seeks relief under the FLSA, 29 U.S.C. § 201, *et seq.* Plaintiffs pursue these claims on behalf of themselves and all other similarly situated as a representative action under the FLSA's opt-in provision, 29 U.S.C. § 216(b). (Second Am. Compl. ¶ 63.) Count Two seeks relief under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111, *et seq.*, and Fed. R. Civ. P. 23 as a class action on behalf of Plaintiffs and all other members of the class. (*Id.* ¶ 73.) Count Three alleges that Defendants have also violated Ohio Rev. Code § 4113.15 by failing to compensate Plaintiffs within 30 days of the performance of compensable work. (*Id.* ¶¶ 85–89.)

Count Four alleges on behalf of Named Plaintiff Askia Champion that Defendants engaged in unlawful retaliation under the FLSA. (*Id.* ¶¶ 90–94.) Plaintiff Champion alleges Defendants became aware that Plaintiff Champion was participating in this lawsuit and, as a result, terminated his employment, refused to permit him to return to work, or reduced his hours. (*Id.*) Plaintiff Champion alleges that Defendants informed him that he would not be placed back on the schedule otherwise permitted to work until Defendants received written confirmation that Plaintiff Champion was no longer involved in this lawsuit. (*Id.* ¶ 47.)

On January 8, 2021, this Court granted Plaintiffs' Motion for Conditional FLSA Class Certification and Rule 23 Class Certification. (ECF No. 23.) In that Order, the Court certified the following conditional FLSA Class:

> All individuals currently and formerly employed by Defendants at Eastland Mall during the previous three years, who were paid on an hourly basis, and who did not receive overtime payment at a rate of one and one-half times their regular rate pay for all hours worked in a workweek in excess of 40 ("Hourly Employees").

(*Id.* at 3.)

The Court also certified the following Rule 23 Class:

> All individuals currently and formerly employed by Defendants at Eastland Mall during the previous two years, who were paid on an hourly basis, and who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 ("Hourly Employees").

(*Id.* at 6.)

Defendants have not appeared in this action. As a result, Plaintiffs move for default judgment on all claims. (ECF No. 22.) Plaintiffs also move for Attorney Fees and Expenses Associated with Perfecting Service Upon Defendants (ECF No. 18).

## II. DEFAULT JUDGMENT

Plaintiffs ask the Court to grant default judgment against Defendants, set a hearing date or briefing schedule to determine damages for Named Plaintiffs and class members, and permit Plaintiffs to file a motion for attorneys' fees and expenses incurred in sending notice, collecting judgment, and any future proceedings as the prevailing parties in this action. (ECF No. 22 at 5.)

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). A plaintiff must first request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting

3

*Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1. Plaintiffs have obtained an entry of default and the claims are not for a sum certain. (ECF No. 21.) Thus, the Court accepts as true the Second Amended Complaint's factual allegations and will proceed to analyzing whether the factual allegations establish liability under each of Plaintiffs' claims.

**1. The FLSA and Ohio Minimum Fair Wage Standards Act**

The Court finds that the Second Amended Complaint establishes Defendants' liability to under the FLSA and Ohio Minimum Fair Wage Standards Act. Ohio law incorporates the FLSA's definitions, standards, and principles for its overtime provisions; thus, the Court may analyze these claims together. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (citing Ohio Rev. Code § 4111.03(A)). The FLSA requires an employer to compensate an employee "at a rate not less than one and one-half times the regular rate at which" the employee is compensated for any hours worked "longer than forty hours[.]" 29 U.S.C. § 207(a)(1). The Second Amended complaint establishes that Plaintiffs are employees, that Defendants are Plaintiffs' employers, and that Defendants failed to pay Plaintiffs at one and one-half times their

4

regular rate of pay for all hours worked in excess of forty.  Thus, Plaintiffs are entitled to default judgement under the FLSA and the Ohio Minimum Fair Wage Standards Act.  Plaintiffs and class members are entitled to entitled to recover unpaid overtime wages plus an equal amount in liquidated damages for Defendants' FLSA violations.  29 U.S.C. § 2016(b)

### 2. The Ohio Prompt Pay Act

The Court also finds that the Second Amended Complaint establishes Defendants' liability under the Ohio Prompt Pay Act.  The Ohio Prompt Pay Act requires employers to make semimonthly payment of wages owed to employees for wages earned in the half-month prior.  Ohio Rev. Code § 4113.15(A).  When wages remain "unpaid for thirty days beyond the regularly scheduled payday[,]" employees are entitled to recover liquated damages equal to 6% of the wages owed or $200, whichever is greater.  *Id.* § 4113(B).  Plaintiffs have sufficiently alleged that Defendants owe them overtime wages under the FLSA and Ohio law, which have remained unpaid for more than thirty days before Plaintiffs' regularly schedule payday.  (Second Am. Compl. ¶¶ 87–88.)  Thus, Plaintiffs are entitled to default judgment under the Ohio Prompt Pay Act and are entitled to recover liquated damages equal to 6% of the wages owed or $200, whichever is greater.  Ohio Rev. Code § 4113.15(B).

### 3. FLSA Retaliation

Finally, the Second Amended Complaint establishes Defendants' liability to Plaintiff Champion for retaliation under the FLSA.  The FLSA provides that it is unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted … any proceeding under or related to this chapter[.]"  29 U.S.C. § 215(a)(3). Plaintiff Champion alleges that Defendants became aware that Plaintiff Champion was participating in this lawsuit and, as a result, terminated his employment, refused to permit him to

return to work, or reduced his hours. (Second Am. Compl. ¶¶ 90–94.) He further alleges that Defendants informed him that he would not be placed back on the schedule otherwise permitted to work until Defendants received written confirmation that Plaintiff Champion was no longer involved in this lawsuit. (*Id.* ¶ 47.) These allegations, taken as true, establish liability under § 215(a)(3). Accordingly, Plaintiff Champion is entitled to default judgment.

### 4. Damages

Plaintiffs' well-pleaded allegations have established liability, but they "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Plaintiffs have submitted that they are "unable to complete an accounting of overtime they are owed" because Defendants have refused to provide copies of requested paystubs. (ECF No. 22 at 14.) The Court agrees. Without the paystubs and schedules in Defendants' possession, the Court cannot readily determine an amount of damages. The Court will set this matter for a damages hearing forthwith.

### 5. Attorney Fees and Expenses

Because Plaintiffs have obtained a default judgment, they are entitled to recover attorneys' fees and costs under the FLSA and Ohio law. *See* 29 U.S.C. § 216(b); Ohio Rev. Code § 4111.10(A). Thus, the Court grants Plaintiffs' requests for attorneys' fees and costs in an amount to be determined at the damages hearing. Plaintiffs are permitted to file subsequent motions for attorneys' fees and costs accumulated in connection with this action.

### III. MOTION FOR ATTORNEY FEES AND COSTS

Plaintiffs also move for attorneys' fees and expenses associated with perfecting service upon Defendants. (ECF No. 18.) Specifically, Plaintiffs submit that that they have incurred (1) $115.00 associated with perfecting service upon Defendants and (2) attorneys' fees associated with serving Defendants and drafting the instant motion in the amount of $1,680.00. (*Id.* at 3.)

Federal Rule of Civil Procedure 4(d)(2) provides that if "a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). A defendant failing to comply with a request for waiver of service can avoid costs under Rule 4(d)(2) by showing good cause for the failure. *McCoy v. Carlson*, No. 3:17-CV-432, 2019 WL 2240246, at *1 (S.D. Ohio May 24, 2019), *report and recommendation adopted*, No. 3:17-CV-432, 2019 WL 2617576 (S.D. Ohio June 26, 2019) (citation omitted).

To recover costs under Rule 4(d)(2), a "plaintiff must make 'a sufficient showing that he [or she] satisfactorily complied'" with Rule 4(d)(1)'s procedural requirements. *Id.* (citing *Robinson v. Wings of Alpharetta, Inc.*, 305 F.R.D. 695, 698 (N.D. Ga. 2011)). Rule 4(d)(1) requires that a request for waiver of service be made in writing addressed to the individual defendant or, for a corporation, partnership, or association, to an officer or agent authorized to receive service of process. Fed. R. Civ. P. 4(d)(1)(A). The request must also "name the court where the complaint was filed;" "state the date the request was sent;" inform the defendant … of the consequences of waiving and not waiving service;" and give the defendant a reasonable time to respond. Fed. R. Civ. P. 4(d)(1)(B), (E), (F). Finally, the request must be "sent by first-class

7

mail or other reliable means"; must be "accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C), (G).

Plaintiffs have made the requisite showing that they complied with each of Rule 4(d)(1)'s requirements. (Dyer Decl. ¶¶ 1–10, ECF No. 18-1; Ex. B, ECF No. 18-2.) Because Defendants failed to waive service, Plaintiffs incurred $115.00 in expenses hiring a process server. (*See* Ex. C, ECF No. 18-3.) Defendants have not appeared in this action and thus have not shown good cause for avoiding costs under Rule 4(d)(2). Therefore, Plaintiffs are entitled to $115.00 for "expenses later incurred in making service[.]" Fed. R. Civ. P. 4(d)(2)(A).

Plaintiffs are also entitled to their "reasonable expenses, including attorney's fees," of this motion to collect the service expenses. Fed. R. Civ. P. 4(d)(2)(B). In assessing the reasonableness of attorneys' fees, the Sixth Circuit has approved "lodestar" method. *Vigna v. Emery Fed. Credit Union*, No. 1:15-CV-51, 2016 WL 7034237, at *4 (S.D. Ohio Dec. 2, 2016) (citing *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993)). Under the lodestar method, "the reasonableness of an attorney's legal fees is determined by first ascertaining the number of hours reasonably expended by the attorney for his services and then multiplying that figure by a reasonable hourly rate." *In re Coy Farms, Inc.*, 417 B.R. 17, 22 (Bankr. N.D. Ohio 2009) (citing *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007)). To "arrive at a reasonable hourly rate, courts use as a guideline "the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Id.* (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)).

In this case, Plaintiffs' counsel submits that her current hourly rate is $300 per hour and that she expended a total of 5.6 hours working with the process server to effectuate service and

preparing this motion. (Dyer Decl. ¶¶ 15–19.) The $300 hourly rate and the number of hours spent on this matter are reasonable. This Court regularly finds "hourly rates ranging from $300 to $450 to be reasonable for work on FLSA actions[.]" *Perry v. Krieger Beard Servs., LLC*, No. 3:17-CV-161, 2020 WL 4931834, at *4 (S.D. Ohio Aug. 24, 2020), *report and recommendation adopted*, No. 3:17-CV-161, 2020 WL 5629687 (S.D. Ohio Sept. 21, 2020). Thus, Plaintiffs are entitled to $1,680.00 in attorneys' fees under Rule 4(d)(2)(B).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion Default Judgement. (ECF No. 22.) Defendants are **ORDERED** to provide Plaintiffs the schedules and payroll records for Named Plaintiffs within **FOURTEEN (14) DAYS** of this Order, containing information from which Plaintiffs can determine the hours worked each workweek and the compensation they received for such hours. If the Court grants final certification of Plaintiffs' opt-in class, the Court will order Defendants to produce the same information for the opt-in class members. Additionally, Plaintiffs are permitted to file a Motion for an Award of Attorneys' Fees and Expenses incurred in sending notice, collecting judgment, and any future proceedings, as the prevailing parties in this action. The Court will set a hearing to determine Plaintiffs' damages pursuant to Federal Rule of Civil Procedure 55(b)(2) following final FLSA class certification.

The Court also **GRANTS** Plaintiffs' Motion for Attorney Fees and Expenses Associated with Perfecting Service Upon Defendants. (ECF No. 18.) Plaintiffs are **AWARDED** $1,680.00 in attorneys' fees and $115.00 for expenses incurred in making service.

IT IS SO ORDERED.

**3/22/2021**                                                 **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**