UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEJUANA BEAVER,**
**Individually and on Behalf of All**
**Others Similarly Situated,**

      **Plaintiffs,**

    v.                                    Case No. 2:20-cv-485
                                            JUDGE EDMUND A. SARGUS, JR.
                                            Magistrate Judge Chelsey M. Vascura

**EASTLAND MALL HOLDINGS,**
**LLC,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Final FLSA Class Certification and Request for Damages Hearing. (ECF No. 28.) Defendants have not appeared in this action and the Court previously granted default judgment against Defendants. (ECF No. 27.) For the following reasons, the Court **GRANTS** Plaintiffs' Motion for Final FLSA Class Certification.

## I.

Named Plaintiffs filed this action on January 28, 2020 alleging violations of the Fair Labor Standards Act and Ohio wage law against Defendants Eastland Mall Holdings, LLC, and Group 7 Staffing, LLC. (Compl., ECF No 1; Second Am. Compl., ECF No. 15.) Defendants operate a shopping mall, Eastland Mall, located in Franklin County, Ohio. (Second Am. Compl. ¶ 20.) Plaintiffs allege that they are employed at Eastland Mall in various hourly, non-exempt positions. (*Id.* ¶ 21.) They allege that Defendants have failed to pay them overtime compensation at a rate of one and one-half times their regular rates of pay for hours worked in excess of 40 during a

1

workweek. (*Id.* ¶ 27.) Instead, Plaintiffs allege, Defendants compensate them at their regular rates of pay for all hours worked, even in excess of 40 hours per week. (*Id.* ¶¶ 28–61.) Plaintiffs have all requested paystubs from Defendants, but Defendants have failed to provide the requested paystubs. (*Id.* ¶¶ 36, 45, 54, 61.)

Count One of the Second Amended Complaint seeks relief under the FLSA, 29 U.S.C. § 201, *et seq.* Plaintiffs pursue these claims on behalf of themselves and all other similarly situated as a representative action under the FLSA's opt-in provision, 29 U.S.C. § 216(b). (Second Am. Compl. ¶ 63.) Count Two seeks relief under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111, *et seq.*, and Fed. R. Civ. P. 23 as a class action on behalf of Plaintiffs and all other members of the class. (*Id.* ¶ 73.) Count Three alleges that Defendants violated Ohio Rev. Code § 4113.15 by failing to compensate Plaintiffs within 30 days of the performance of compensable work. (*Id.* ¶¶ 85–89.) Count Four alleges on behalf of Named Plaintiff Askia Champion that Defendants engaged in unlawful retaliation under the FLSA. (*Id.* ¶¶ 90–94.)

On January 8, 2021, this Court granted Plaintiffs' Motion for Conditional FLSA Class Certification and Rule 23 Class Certification. (ECF No. 23.) In that Order, the Court conditionally certified the following FLSA Class:

> All individuals currently and formerly employed by Defendants at Eastland Mall during the previous three years, who were paid on an hourly basis, and who did not receive overtime payment at a rate of one and one-half times their regular rate pay for all hours worked in a workweek in excess of 40 ("Hourly Employees").

(*Id.* at 3.) The Court also approved distribution of Plaintiffs' proposed notice and a 45-day opt-in period. On March 22, 2021, this Court granted Plaintiffs' Motion for Default Judgment against Defendants, finding Defendants liable under the FLSA and Ohio law. (ECF No. 27.) The Court indicated that it would hold a damages hearing after Plaintiffs moved for final certification under

2

the FLSA. Following the opt-in period, Plaintiffs move for final certification of the opt-in class under the FLSA. (ECF No. 28.) Two opt-in Plaintiffs have joined this action. (*Id.*)

## II.

Plaintiffs move for final certification of Plaintiffs' collective action class under 29 U.S.C. § 216(b) of the FLSA. "Plaintiffs seeking to file a collective action under the FLSA must demonstrate that they are 'similarly situated.'" *Frye v. Baptist Mem'l Hosp.*, Inc., 495 F. App'x 669, 671 (6th Cir. 2012) (quoting 29 U.S.C. § 216(b)).

In FLSA collective actions, "class certification typically occurs in two stages: conditional and final certification." *Id.* At the conditional stage, "Plaintiffs must only make a modest showing that they are similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (citation omitted). At the final certification stage, "the Court applies 'a stricter standard than the conditional certification stage because it occurs near the end of discovery.'" *Hurt v. Com. Energy, Inc.*, No. 1:12-CV-758, 2014 WL 3735460, at *4 (N.D. Ohio July 28, 2014) (citing *Frye v. Baptist Mem'l Hosp. Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012)). Plaintiffs must show that the opt-in plaintiffs are "similarly situated" and generally "must produce more than just allegations and affidavits demonstrating similarity." *Id.* (citing *Frye*, 495 F. App'x at 671). The Sixth Circuit has explained that "it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Id.* (citing *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584–85 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)).

Here, Plaintiffs have met their burden to show that the opt-in Plaintiffs are similarly situated. Plaintiffs have not been able to obtain discovery because Defendants are in default and

have not complied with the Court's prior orders to produce documents related to Plaintiffs' employment. Nonetheless, Plaintiffs have submitted sufficient proof that they suffered from a "single, FLSA-violating policy[.]" *Hurt*, 2014 WL 3735460, at *4 (citation omitted) Named Plaintiffs and opt-in Plaintiffs were employed on an hourly basis in administrative, security, and maintenance positions at Eastland Mall; all worked hours in excess of 40; none were compensated at a rate of time and one-half for the hours worked in excess of 40. (Beaver Decl. ¶¶ 3–16; Champion Decl. ¶¶ 3–14; Baylor Decl. ¶¶ 3–14; Whitehead Decl. ¶¶ 3–14; Freeman Decl. ¶¶ 3–8; Hendricks Decl. ¶¶ 3–9.) Paystubs submitted by Plaintiff Baylor document that Defendants did not pay time-and-a-half for hours worked in excess of 40. (Baylor Decl. ¶ 14, Ex. 1.) Indeed, the Court already granted class certification under Fed. R. Civ. P. 23(b), which is a more demanding standard than final certification under § 216(b) of the FLSA. *See id.* (citing *Frye*, 495 F.App'x at 672) ("The similarly situated standard under the FLSA is 'less stringent than the predominance inquiry' relevant to class certification disputes under Rule 23(b).").

## III.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Final FLSA Class Certification. (ECF No. 28.) As the Court indicated in its order granting default judgment (ECF No. 27), the Court will set this matter for a hearing to determine Plaintiffs' damages, as well as Plaintiffs' counsel's attorneys' fees and costs. A notice setting a damages hearing will issue on the docket forthwith. This case is to remain open.

**IT IS SO ORDERED.**

**5/24/2021**　　　　　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**