UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEJUANA BEAVER, et al.,

       Plaintiffs,                                     Case No. 2:20-cv-485
                                                       JUDGE EDMUND A. SARGUS, JR.
    v.                                                   Magistrate Judge Chelsey M. Vascura

**EASTLAND MALL HOLDINGS**
**LLC, et al.,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Eastland Mall Holdings LLC's ("EMH") Motion for Relief from Default Judgment (ECF No. 39). EMH argues the default judgment is void because it did not receive proper service of process. The Court held an evidentiary hearing on March 17, 2022. For the following reasons, Defendant EMH's motion is **DENIED**.

## I. BACKGROUND

This case concerns a claim by several employees that their employers, Defendants EMH and Group 7 Staffing LLC, failed to pay them and similarly situated individuals for all wages earned, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). (*See* Compl., ECF No. 1.) Plaintiffs filed this action on January 28, 2020 and sent via regular U.S. Mail to EMH: a time-stamped copy of the Complaint, two copies of the request for the waiver of service of summons. (*See* Dyer Dec. ¶3, ECF No. 18-1.) The mailing was sent to the following address:

        EASTLAND MALL HOLDINGS, LLC,
        c/o Registered Agent: National Registered Agents, Inc.
        440 Easton Commons Way, Ste. 125
        Columbus, OH 43219

(the "440 Easton Commons Way Address").

1

On January 30, 2020, Plaintiffs filed a First Amended Complaint and again sent via mail to the 440 Easton Commons Way Address: a time-stamped copy of the First Amended Complaint and two copies of the request for the waiver of service of summons. (Am. Compl., ECF No. 2; Dyer Dec. ¶ 4.) Plaintiffs did not receive an executed waiver of the service of summons from EMH.

On March 3, 2020, Plaintiffs sent another request for waiver of service of summons via certified mail to Ahmed Alzouhavli at the Eastland Mall management office (Certified Letter, ECF No. 13-2; ECF No. 18-1, ¶6) at the following address:

> Eastland Mall Holdings, LLC
> c/o Ahmed Alzouhavli
> 2740 Eastland Mall
> Columbus, OH 43232

(the "2740 Eastland Mall Address"). Plaintiffs also sent a copy of the letter via electronic mail to the owner of EMH and Group 7 Staffing LLC, Mohammed Al Refaey. (*Id.*) EMH did not return an executed waiver of summons to Plaintiffs. (Dyer Dec. ¶ 8.) Accordingly, on March 10, 2020, Plaintiffs requested issuance of a summonses from the Clerk to EMH. (ECF Nos. 4, 7.) The summonses were addressed to Ahmed Alzouhavli at the 2740 Eastland Mall Address. (*See* ECF Nos. 10, 11.)

A process server served the summonses and Amended Complaint to Aleah Jackson at the 2740 Eastland Mall Address. Ms. Jackson, whose real name is Aleah Allen, represented that she was "designated by law to accept service of process on behalf of Eastland Mall Holding LLC." (ECF No. 11.) Ms. Allen immediately gave the Summons and Complaint to Mr. Alzouhavli, whom she states is the manager of EMH's office. Plaintiffs contend that Ms. Allen was also manager at EMH but EMH denies it. (Weerasighe Aff. ¶ 3, ECF No. 39-1.)

On March 19, 2020, Plaintiffs filed an Emergency Motion for a Protective Order and Motion for Leave to File a Second Amended Complaint. (ECF No. 13.) Plaintiffs asserted that EMH offered them overtime compensation in exchange for withdrawing from the litigation. (ECF No. 13-3, ¶ 6; ECF No. 13-4, ¶ 5.) The Court entered a Temporary Restraining Order against EMH to stop it from improperly contacting Plaintiffs. (ECF No. 14.)

On March 20, 2020, Plaintiffs filed a Second Amended Complaint and added a claim of retaliation under the FLSA against Defendants on behalf of Plaintiff Champion. (Second Am. Compl., ECF No 15.) According to the Second Amended Complaint, Defendants refused to allow Plaintiff Champion to return to work after learning of his participation in this litigation. (*Id.* ¶¶ 46–47.) Plaintiffs served a copy of the Second Amended Complaint upon Defendant Eastland Mall Holdings' registered agent, National Registered Agents, Inc. (ECF No. 15 at 1.)

Defendant EMH did not answer or file a responsive pleading to any of the complaints. Plaintiffs filed an Application for Entry of Default against Defendant EMH on April 7, 2020. (ECF No. 20.) The clerk entered Default against EMH on April 9, 2020. (ECF No. 21.) On April 17, 2020, Plaintiff moved the Court for entry of default judgment. (ECF No. 22.) The Court granted Plaintiffs' Motion for Default Judgment on March 22, 2021. (ECF No. 27.) On June 28, 2021, following a damages hearing, the Court entered final default judgment against Defendant EMH on all of Plaintiffs' claims. (ECF No. 33.)

On August 13, 2021, approximately 45 days after judgment, Defendant EMH moved the Court for relief from default judgment, contending that it did not receive proper service of process and therefore the Court did not have personal jurisdiction to enter judgment against it. (ECF No. 39.) Plaintiffs filed a memorandum in opposition. (ECF No. 40.) The motion for relief from default judgment is ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure 55(c) provides that the Court may set aside a final default judgment for one of the enumerated reasons listed in Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . . (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated ...; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion under 60(b) must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and the party seeking relief from judgment must show the applicability of the rule. *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986).

Under Rule 60(b)(4), a court must vacate a default judgment if the movant demonstrates that the judgment is void. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* Relevant to this case, if service of process was not proper against a defendant, the Court lacks personal jurisdiction and any judgment against that defendant is *per se* void. *Id.* at 269–71; *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).

Plaintiffs usually bear the burden of proving that there was proper service of process. *See Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). However, a process servers' affidavit of execution of service creates presumption of proper service that can only be overcome by "strong and convincing evidence." *Perfect Score Co. v. Miller*, No. 1:09-cv-1189, 2011 WL 4540742, at *9 (N.D. Ohio Sept. 29, 2011) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

4

The decision to grant relief under Rule 60(b) rests in the discretion of the district court and the court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir. 1983). "Though district courts enjoy broad discretion when deciding whether to set aside judgments under Rule 60(b), that discretion 'is circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Ohio Cas. Ins. Co. v. Pulliam*, 182 F.3d 918 (6th Cir. 1999) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). At the same time, "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.*

### III. ANALYSIS

This Court finds that Defendant EMH's motion for relief from default judgment fails because it was not filed within a reasonable time and there was proper service of process.

**A. EMH's Motion is Not Timely**

A motion under 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Whether a Rule 60(b)(4) motion is filed within "a reasonable time" depends on "the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Ohio Cas. Ins. Co. v. Pulliam*, 182 F.3d 918 (6th Cir. 1999) *(citing Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *In re Abdur'Rahman,* 392 F.3d 174, 185 (6th Cir. 2004), *vac'd on other grounds,* 545 U.S. 1151 (2005). The moving party must articulate a reasonable basis for the delay. *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014); *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003);

*Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) (denying relief from default judgment, in part, because the movant "d[id] not attempt to identify any good reason for not filing his 60(b)(4) motion. . .").

Here, EMH offered no explanation or excuse for the delay in filing its motion or responding to the Court. Plaintiffs filed the case in January 2020. In March 2020, EMH contacted the plaintiffs and offered to pay them in exchange for dropping the litigation. EMH also told Plaintiff Champion that he could not work at EMH anymore because of his participation in the litigation. The Court issued a temporary restraining order to prevent EMH from further contacting plaintiffs without their counsel's knowledge and interfering with the litigation. In April 2020, Plaintiffs applied for and were granted an entry of default. Plaintiffs moved for default judgment in April 2020 and this Court granted default judgment in June 2021 following a damages hearing.

Thus, EMH had actual notice of this case in March 2020 and actively tried to evade the Court by paying off the plaintiffs without their counsel's knowledge and retaliating against at least one plaintiff. It did not claim improper service of process until this Court made a finding of significant damages against it more than a year and a half later.

In similar circumstances, the Sixth Circuit has held that the movant waived personal jurisdiction by failing to respond. In *Days Inns Worldwide, Inc. v. Patel*, the Sixth Circuit found that the party seeking relief from default judgment implicitly and involuntarily waived personal jurisdiction by not moving for relief within a reasonable time after it had actual notice and after the default judgment. 445 F.3d at 905. In that case, the movant claimed improper service of process eleven months after it was properly served and eleven months after the default judgment. *Id.* at 903. The Court stated that, "[b]y choosing not the respond, to either the complaint or the motion for default judgment, when he was aware of his right to respond, appellant intentionally abandoned

his right to respond" and thus "waived his right to respond to both the complaint and the motion for default judgment." *Id.* at 905.

As in *Days Inn*, EMH waived its right to respond because it chose not to defend itself despite being aware of its right to respond for 18 months. It is true that EMH moved only 45 days after default judgment rather than 11 months like the movant in *Days Inn.* But here, unlike *Days Inn*, EMH had actual notice for almost the entire duration of the case and acted outside of the judicial proceedings to attempt to resolve the case. Its attempt to pay plaintiffs to drop the case occurred long before default judgment, showing that EMH could have participated in the litigation but chose take matters into its own hands. The unique and disturbing facts of this case, together with the lack of explanation for delay, make the timing of the motion for relief unreasonable.

B. **Proper Service of Process**

Even if Defendant had moved within a reasonable time, it is not entitled to relief from default judgment under Rule 60(b)(4) because there was proper service of process. Federal Rules of Civil Procedure permit service on limited liability companies by any manner proscribed by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1); Fed. R. Civ. P 4(h). Thus, service of process in this action was proper if it comported with either the federal or Ohio rules of civil procedure.

Plaintiffs claim that they perfected service of process under the Ohio Rules of Civil Procedure by serving a copy of the Summons and Complaint at EMH's usual place of business upon Aleah Allen, an EMH manager. The applicable Ohio Rules of Civil Procedure permit service "[u]pon a limited liability company by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of

7

business by a method authorized under Civ.R. 4.1(A)(1); or by serving a manager or member." Ohio Civ. R. 4.2(G).

Defendants argue that Ms. Allen was not an EMH manager or an EMH employee. Again, since Plaintiffs produced the process servers' affidavit of execution of service, there is a presumption of proper service that can only be overcome by strong and convincing evidence. Here, EMH has not produced strong and convincing evidence of improper service of process.

Defendant supplies two main sources of evidence to support its contention that Ms. Allen was not a manager employed by EMH. First, Ms. Allen's paystub from March 2020 that lists Group 7 Staffing as the employer. Second, EMH Director of Operations Neal Weerasinghe's testimony.

Mr. Weerasinghe testified at the evidentiary hearing that he worked with Ms. Allen for seven days in September 2020 before she left to work elsewhere. He stated that during those seven days he saw her only perform administrative tasks. He further states that Ms. Allen was not an EMH employee and instead worked for Group 7 Staffing, the other defendant in this case. Mr. Weerasinghe admitted, however, that he did not work for EMH in March 2020 when process was served and does not have personal knowledge as to what Ms. Allen's duties were in March 2020. He also stated that he did not know whether Ms. Allen was authorized to receive service of process in March 2020.

Ms. Allen testified at the hearing that she was the Administrative and Social Media Manager at EMH. In this role, she conducted business on behalf of EMH and worked at EMH's office. Ms. Allen created EMH's website and regularly communicated with EMH's tenants to gather information for EMH's social media websites. Ms. Allen further testified that she took legal actions on behalf of EMH such as signing documents as a witness to EMH's payments to Plaintiffs

8

in this case. She also sent at least one email on behalf of EMH from Plaintiffs to their attorneys. Plaintiffs produced that email, which shows Ms. Allen's address listed as aleah.allen@eastlandmall614.com. Additionally, Plaintiff Beaver states in an affidavit that Ms. Allen is a manager at EMH. (Beaver Aff. ¶ 6, ECF No. 40-3.) She testified that she never did any work for Group 7 Staffing and did not know about the Group 7 until she saw their company listed on her paystub.

The Ohio Revised Code broadly defines who qualifies as a "manager" within limited liability companies, such as EMH:

> "Manager" means any person designated by the limited liability company or its members with the authority to manage all or part of the activities or affairs of the limited liability company on behalf of the limited liability company, which person has agreed to serve in such capacity, whether such person is designated as a manager, director, officer, or otherwise.

Chapter 1706.01(O). Thus, if Ms. Allen's testimony is to be believed, she was in fact a manager of EMH because she had "authority to manage. . .part of the activities or affairs of [EMH] on behalf of [EMH]." Between the Mr. Weersinghe's testimony, an EMH Director who was not present at the time of service and has no personal knowledge of Ms. Allen's role at EMH in March 2020, against Ms. Allen's testimony that she was in fact a manager at EMH and Plaintiff Beaver's corroboration, the Court finds Ms. Allen's testimony more credible. Her job consisted solely of acting on behalf of EMH and she managed EMH's online presence and social media relations. Therefore, the Court finds that Ms. Allen was a manager as defined in Civ.R. 4.2(G) who could properly receive service of process on behalf of EMH.

Even though service of process was proper, the Court is required to consider the following three factors to determine whether the default judgment should be set aside nonetheless under Rule 60(b): (1) "whether the opposing party would be prejudiced;" (2) "whether the proponent had a

9

meritorious claim or defense;" and (3) "whether the proponent's culpable conduct led to the default." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (citing *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

First, Plaintiffs would not be prejudiced by granting relief from default judgment because "mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin*, 705 F.2d at 845.

Second, Defendant EMH has a meritorious defense. "In determining whether a defaulted defendant has a meritorious defense 'likelihood of success is not the measure.'" *United Coin*, 705 F.2d at 845 (citing *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). Rather, a meritorious defense has been advanced if defense states any defense good at law. *Id.*; *see also INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398–99 (6th Cir. 1987). Defendant EMH asserts that it has never been an "employer" of any of Plaintiffs as defined under the FLSA or Ohio law. (Def.'s Mot. at 8.) If EMH was indeed not Plaintiffs' employer, then it is not liable to Plaintiffs for overtime compensation.

Third, EMH's "culpable conduct. . . .led to the default." *United Coin*, 705 F.2d at 844. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). "[M]ere negligence or failure to act reasonably is not enough . . ." *United States v. $ 22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).

Here, EMH had actual notice of this litigation and attempted to interfere with it by improperly contacting Plaintiffs without their attorneys' knowledge. On or around March 9, 2020, EMH offered Plaintiffs overtime compensation if they sent letters to their counsel withdrawing

10

from this litigation. The letters stated that the Plaintiffs "do not wish to proceed with the case against eastland mall, they have paid [them for] overtime and it's no reason to move forward…" (*See* Letters from EMH, ECF No. 13-5.). This Court issued a temporary restraining order against EMH. EMH's conduct showed a "reckless disregard" for the Court's proceedings as it knew about the litigation and attempted to circumvent and "thwart" this lawsuit by paying off Plaintiffs without their counsel's knowledge instead of adhering to the judicial process. *Shepard Claims Serv., Inc.*, 796 F.2d at 194. Thus, the first two elements weigh in favor of EMH but the third factor weighs strongly against it. EMH's lack of respect for these judicial proceedings and deliberate failure to defend itself led to this default judgment.

This case is not a "rare instance" where there is a "jurisdictional error" or a deprivation of "the opportunity to be heard." *Espinosa*, 559 U.S. at 271. The Plaintiff diligently served process on Defendant EMH and EMH ignored the judicial proceedings, attempted to circumvent the proceedings, and when that did not work, waited for 18 months to see the Court's final judgment before challenging a small procedural error. EMH does not dispute that it had actual knowledge throughout the litigation. At most, Plaintiff's alleged failure to perfect service of process "deprived [EMH] of a right granted by a procedural rule." *Id.* at 272. That deprivation, if true, did "not amount to a violation of [EMH's] constitutional right to due process" because "due process requires notice reasonably calculated. . . .to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* Plaintiffs' efforts to serve and notify EMH and its owner of the lawsuit were "sufficiently calculated" to apprise EMH of the action. Therefore, there was no due process violation and EMH is not entitled to relief.

11

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant EMH's motion for relief from default judgment (ECF No. 39). This case remains closed.

**IT IS SO ORDERED.**


**3/23/2022**                                                     **s/Edmund A. Sargus, Jr.**
**DATED**                                                     **EDMUND A. SARGUS, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**